# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA ANN WILSON, <br> c/o Butler County Prison <br> 202 South Washington St. <br> Butler, PA  16001 | ) <br> ) <br> ) <br> ) <br> ) | CASE NO.: 4:22-cv-1811 <br><br> HON. JUDGE |
| Plaintiff, | ) ) | |
| *vs*. | ) ) | |
| CORECIVIC INC., dba NORTHEAST OHIO CORRECTIONAL CENTER, <br> 2240 Hubbard Rd. <br> Youngstown, OH  44505 | ) ) ) ) ) | **COMPLAINT** <br><br> **CIVIL RIGHTS VIOLATIONS** <br> **42 U.S.C §§ 1983 and 1988** |
| *and* | ) ) | **MONELL CLAIMS** |
| DAVID BOBBY <br> In his Official Capacity as Warden <br> c/o CoreCivic, Inc. dba <br> Northeast Ohio Correctional Center <br> 2240 Hubbard Rd. <br> Youngstown, OH 44505 | ) ) ) ) ) ) ) | **PRISON RAPE ELIMINATION ACT VIOLATIONS** <br><br> **GROSS NEGLIGENCE** <br><br> **DELIBERATE INDIFFERENCE** |
| *and* | ) ) | **WILLFUL WANTON AND RECKLESS CONDUCT** |
| JOHN/JANE DOE CORRECTIONAL OFFICERS 1 – 5 <br> c/o CoreCivic, Inc. dba Northeast Ohio Correctional Center <br> 2240 Hubbard Rd. <br> Youngstown, OH  44505 | ) ) ) ) ) ) ) | **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br><br><br> **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) ) | |

NOW COMES Plaintiff, Jessica Ann Wilson, by and through her counsel, Sarah Thomas Kovoor, and for her complaint against these Defendants, alleges and says as follows:

## I. INTRODUCTORY STATEMENT

This is a civil action seeking damages for injury sustained by Jessica Ann Wilson, a citizen of the Unites States and resident of the State of Pennsylvania, which arose from the conduct of Defendants CoreCivic, Inc. dba Northeast Ohio Correctional Center and Warden Dave Bobby, by and through its employees, agents and members, including Defendants John/Jane Doe Correctional Officers 1 - 5, while employed and on duty, on or about March 22, 2022, at the Northeast Ohio Correctional Center. Plaintiff Jessica Ann Wilson, a federal detainee being housed at Northeast Ohio Correctional Center, was, while incarcerated, sexually assaulted by an armed male inmate who had been given trustee status, known to her or believed to be Davonte Glenn. The assault occurred without provocation and caused physical injury and mental and emotional pain and suffering. Plaintiff Jessica Ann Wilson required medical treatment for the injuries sustained as a result of the assault, but medical treatment was denied her.

The utter disregard for Ms. Wilson's safety by Defendants and negligent failure to supervise or properly staff the facility was a proximate cause of her injuries. There was no justification for the lapse in supervision, the permitted use of force by other inmates or the denial of medical treatment. As a result, Plaintiff Jessica Ann Wilson seeks compensatory and punitive damages under Federal and State law against Defendants CoreCivic, Inc., dba Northeast Ohio Correctional Center, which employs the Doe Correctional Officer Defendants and Warden Dave Bobby, for its inadequate staffing, policies and training relating to the security and treatment of incarcerated individuals while in its care and/or custody, for failure to screen prospective employees, for its failure to properly train, control and supervise its employees, and adopt and enforce adequate policies and procedures to prevent such abuses and for knowing of and tolerating, allowing, and/or encouraging customs that lead to the abuse of the Plaintiff. Against Warden Dave

Bobby, as the supervisory individual responsible for the conduct of the staff of the Northeast Ohio Correctional Center and against John/Jane Doe Correctional Officers 1 - 5, who actively, passively, intentionally and/or negligently conspired to facilitate, allow, ratify and hide the actions of each other and those of inmate Davonte Glenn. The Plaintiff also seeks declaratory and injunctive relief, attorneys' fees, costs and other relief.

    The Defendants perpetrated or participated in these acts by refusing, neglecting, and/or conspiring, or otherwise participating with deliberate indifference and callous disregard, to prevent such deprivations and denials under color of law, which deprived Jessica Ann Wilson of the civil rights secured to her under the Constitution and laws of the United States and the Constitution and laws of the State of Ohio. The Defendants knew, or should have known that their intentional actions, which are so outrageous and extreme that it is shocking to society, would inflict severe emotional distress upon the Plaintiff.

## II. JURISDICTION AND VENUE

1. The jurisdiction of this Court over the subject matter of this action is conferred on this Honorable Court pursuant to 42 U.S.C. 1983, 28 U.S.C. §1331, and 28 U.S.C. §1343. Venue is properly laid in this District pursuant to 28 U.S.C §1391 in that defendants are located and/or transact business in this District, and the cause of action asserted herein arose in this District.

## III. PARTIES

2. Plaintiff Jessica Ann Wilson ("Ms. Wilson") is a female individual who is presently incarcerated at the Butler County Prison, 202 South Washington St. Butler, Pennsylvania 16001. At all times material to this action, Ms. Wilson was a federal detainee inmate at the Northeast Ohio Correctional Center in Youngstown, Ohio.

3

3. Defendant Northeast Ohio Correctional Center ("NEOCC") is a private, for profit correctional facility owned and operated by Defendant CoreCivic, Inc., a for profit corporation who contracts with governmental agencies including the State of Ohio, and is located at 2240 Hubbard Road, Youngstown, Ohio 44505.

4. Defendant Dave Bobby ("Warden Bobby") is the Warden of the Northeast Ohio Correctional Center. Warden Bobby's workplace address is c/o Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505. Warden Bobby is being sued in his official capacity as Warden of the Northeast Ohio Correctional Center. As Warden, Bobby is the chief law enforcement officer and jailer of Northeast Ohio Correctional Center. As such, he has charge of the prison and all persons confined therein. He is statutorily charged with the responsibility to keep such persons safe, attend to the jail according to the standards for jails in Ohio, as promulgated by the Ohio Department of Rehabilitation and Corrections. He is further mandatorily charged with the responsibility to follow all applicable Federal and State laws and shall adhere to the United States Constitution. At all times material to this action, Warden Bobby was acting under color of state law.

5. Defendant John/Jane Doe Correctional Officers 1 – 5 are individuals whose identities are presently unknown, who are employed as Corrections Officers ("CO") at the Northeast Ohio Correctional Center. John/Jane Doe Correctional Officers 1 – 5's work address is c/o Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505. John/Jane Doe Correctional Officers 1 – 5 are being sued in their individual capacities. At all times material to this lawsuit, John/Jane Doe Correctional Officers 1 – 5 were acting under color of state law.

## IV. FACTS

6. Plaintiff restates and realleges each and every fact contained in Paragraphs 1 through 5, as if fully rewritten herein.

7. On or about March 22, 2022, Ms. Wilson was an inmate at NEOCC. At or about 3:00 p.m. to 4:00 p.m. on that date Ms. Wilson had completed eating dinner and was confined to her cell which was part of a pod of cells reserved for female inmates. At that time, John/Jane Doe Correctional Officers 1 – 5 were assigned to the pod containing Ms. Wilson's cell.

8. While confined to her unit and cell, male inmate trustee Glenn was permitted access to Ms. Wilson's cell, bypassing the security measures, restrictions and other rules in place for inmate safety. In the possession of the male inmate trustee was a handmade weapon, secreted inside his clothing. A weapon of this nature is within the definitions of contraband as defined by the protocols and rules of Defendant NEOCC. Therefore, the possession and failure to detect the weapon represents a breach in the operation of the facility and the training of employees who work as correctional officers and guards. Accordingly, Defendants were aware of the dangers associated with the possession of such items of contraband and the violence that could occur if inmates were permitted to have weapons and other items of contraband.

9. John/Jane Doe Correctional Officers 1 – 5 knowingly permitted a male inmate trustee, Davonte Glenn, to have access to the female pod in general and access to Ms. Wilson's cell in particular. Male inmate trustee Glenn was given access to the pod and to Ms. Wilson's cell ostensibly to collect the dinner trays. To Ms. Wilson's knowledge and belief, male inmate trustee Glenn had never collected trays from Ms. Wilson's cell prior to on or about March 22, 2022. Among their responsibilities as CO's, John/Jane Doe Correctional Officers 1 – 5 were required to periodically check inmate cells to assure the safety and well-being of the inmates assigned to those cells.

5

10. John/Jane Doe Correctional Officers 1 – 5 also were responsible as COs to restrict access to the female pod and female cells in that pod and to closely monitor any males having access to that female pod for proper credentials, and valid reasons for such access.

11. The male inmate trustee, Glenn, while ostensibly collecting trays, remained in Ms. Wilson's cell for approximately forty-five (45) minutes. The male inmate trustee refused to leave Ms. Wilson's cell. That male inmate trustee took Ms. Wilson to a secluded area in the pod. Once in that secluded area with Ms. Wilson, the male inmate trustee took down his pants, exposing his genitalia, and demanded oral sex from Ms. Wilson. Ms. Wilson observed that the male inmate trustee Glenn had a potentially lethal weapon, a shank, hanging from his waist.

12. Ms. Wilson was justifiably in fear of the half-naked man with a deadly weapon standing before her. Out of fear, intimidation and the of the threat of physical violence, Ms. Wilson began to perform oral sex on male inmate trustee Glenn. The sexual contact between the male inmate trustee Glenn and Ms. Wilson was not consensual.

13. As a direct and proximate result of the acts set forth herein, Ms. Wilson sustained pain within her body and mind, together with a severe and traumatic shock to her entire physiological, physical, nervous and emotional systems.

14. After being sexually assaulted, Ms. Wilson was not examined or provided with medical care. Such failure to provide medical care heightened the pain and suffering as well as mental anguish caused to Ms. Wilson.

15. NEOCC, Warden Bobby and John/Jane Doe Correctional Officers 1 – 5 were each deliberately indifferent to Ms. Wilson's safety and welfare in permitting an armed male inmate trustee to enter the pod containing Ms. Wilson's cell and were deliberately indifferent to Ms. Wilson's safety and welfare in taking no steps to monitor the male inmate trustee's activities once he

entered the pod containing Ms. Wilson's cell. The deliberate indifference of NEOCC, Warden Bobby and John/Jane Doe Correctional Officers 1 - 5 deprived Ms. Wilson of the right to be free from cruel and unusual punishment afforded to her by the Eighth and Fourteenth Amendments to the United States Constitution.

16. As a direct and proximate result of NEOCC, Warden Bobby and John/Jane Doe Correctional Officers 1 – 5's violation of Ms. Wilson's constitutional right to be free from cruel and unusual punishment, Ms. Wilson has suffered physical and psychological pain and suffering. Ms. Wilson is entitled to recover all available economic and compensatory damages provided by Federal law.

17. In denying Ms. Wilson her constitutional rights as alleged herein NEOCC, Warden Bobby and John/Jane Doe Correctional Officers 1 - 5 acted willfully, wantonly, maliciously, and in reckless disregard for Ms. Wilson's rights.

18. NEOCC and Warden Bobby created a culture and custom in the penal facility of deliberate indifference towards the rights of persons, like Ms. Wilson to be free from cruel and unusual punishment when incarcerated at NEOCC.

### V. COUNT I
### VIOLATION OF 42 U.S.C. §1983 AND
### THE 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION
### BY ALL DEFENDANTS

19. Plaintiff restates and re-alleges paragraphs 1 through 18 as though fully set forth herein.

20. As a citizen of the United States and a resident of NEOCC, located in the State of Ohio, Jessica Ann Wilson was entitled to all the rights, privileges and immunities granted to all citizens of the State of Ohio and of the United States.

21. At all times relevant, all Defendants were acting within the course and scope of their employment with the CoreCivic, dba Northeast Ohio Correctional Center, and were acting under the color of state law with the authority granted to them as corrections officers, supervisors and/or managers.

22. At all times relevant, pursuant to the 8th Amendment of the United States Constitution, Jessica Ann Wilson had a right to be free from cruel and unusual punishment while incarcerated and in the custody and care of NEOCC.

23. At all times relevant, Jessica Ann Wilson had a right to be free from physical aggression, sexual abuse, assault, harassment and mistreatment resulting in needless and preventable pain, suffering and distress.

24. At all times, with malice, recklessness and/or deliberate indifference, Defendants knowingly and willingly allowed male inmate trustee Glenn to inflict physical, sexual and psychological abuse as aforementioned.

25. During the time that Jessica Ann Wilson was emotionally and physically subjected to the sexual assault and threats from male inmate trustee Glenn, Defendants, pursuant to the 8th Amendment, were required to provide an environment free from physical, emotional and sexual abuse by other inmates.

26. To the contrary, with malice, recklessness and/or deliberate indifference, Defendants failed to take timely action to prevent and/or stop physical and sexual abuse, assault, harassment, intimidation and mistreatment of Ms. Wilson by male inmate trustee Glenn.

27. Defendants deprived Wilson the right to adequate medical evaluation and care when incarcerated, including rape counseling,

8

28. Defendants further ignored all security protocols as to confinement and failed to monitor the actions of the inmates to ensure that no violent attacks occurred. The further failure to detect the entry into secured areas as well as the possession of weapons, objects of force and other contraband was negligent and reckless on the part of Defendants, acting in concert with one another. This negligence resulted in the injuries of Plaintiff for which damages are sought.

29. The actions and/or omissions of the Defendants constitute deliberate indifference to the complaints and serious physical and emotional nature of the assaults upon Jessica Ann Wilson and demonstrate a reckless, willful and/or wanton disregard for the physical and mental health and safety of Ms. Wilson, thereby denying her the constitutional right to be free from cruel and unusual punishment as provided by the 8th Amendment to the United States Constitution.

## VI. COUNT II
## 42 U.S.C. §1983 VIOLATIONS
## BY CORECIVIC dba NEOCC AND WARDEN DAVE BOBBY

30. Plaintiff restates and re-alleges paragraphs 1 through 29, as though fully set forth herein.

31. Prior to March 22, 2022, CoreCivic, Inc., dba NEOCC developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons who were being housed and/or held at NEOCC, resulting in the violation of Jessa Ann Wilson's constitutional rights.

32. It was the policy and/or custom of NEOCC and Warden Bobby to knowingly allow inmates to be sexually, physically and mentally assaulted by other inmates while incarcerated at NEOCC.

33. It was the policy and/or custom of NEOCC and Warden Bobby to allow male inmates to have access to the female inmate pods and cells without concern for the well-being and protection of the vulnerable female inmates.

34. It was the policy and/or custom of NEOCC and Warden Bobby to allow male trustee inmates into to the pod and cells of female inmates without supervision, thereby putting the female inmates at an even greater risk of attacks.

35. It was the policy and/or custom of NEOCC and Warden Bobby to allow the correctional facility to be understaffed, which created a substantial likelihood that violations of the constitutional rights of inmates, and in particular Ms. Wilson, would occur.

36. It was the policy and/or custom of NEOCC and Warden Bobby to inadequately train staff and/or corrections officers working at the facility relative to the handling of sexual, physical and mental abuse complaints from inmates against their abusive cell mates or the general population.

37. At all relevant times, it was the policy and/or custom of NEOCC and Warden Bobby to inadequately train and supervise its staff and/or corrections officers with respect to the constitutional rights of inmates, thereby creating the atmosphere among staff and/or corrections officers that the above-described abuse upon Jessica Ann Wilson was acceptable and would go unpunished.

38. The policies and/or customs of NEOCC and Warden Bobby demonstrate a deliberate indifference by the policy makers of NEOCC to the constitutional rights of inmates within NEOCC and in particular, the constitutional rights of Jessica Ann Wilson, resulting in the violation of Jessica Ann Wilson's constitutional rights.

### VII. COUNT III
### 34 U.S.C. §30301, *et seq*. VIOLATIONS
### BY ALL DEFENDANTS

39. Plaintiff restates and re-alleges paragraphs 1 through 38, as though fully set forth herein.

40. CoreCivic, Inc. dba NEOCC is accredited for the Prison Rape Elimination Act ("PREA").

41. NEOCC is subject to the rules and regulations of PREA.

42. CoreCivic Inc. failed to ensure that each facility it operates, including NEOCC developed, documented, and made its best efforts to comply on a regular basis with a staffing plan that provides for adequate levels of staffing, and, where applicable, video monitoring, to protect inmates against sexual abuse.

43. NEOCC, Warden Bobby and John/Jane Doe Correctional Officers 1 – 5 failed to prevent Jessica Ann Wilson from being sexually abused by another inmate, detainee, or resident. Due to their gross negligence, deliberate indifference and willful, wanton and reckless conduct, Ms. Wilson was subjected to submit to a sexual act to which she did not consent and to which she was coerced by the overt or implied threat of violence from an armed inmate.

44. As a direct and proximate result of Defendant's conduct Plaintiff, and the class, have suffered compensatory damages, punitive damages, attorney's fees, economic damages, noneconomic damages, psychic injuries, emotional distress, and other damages to be proven at trial.

## VIII.  COUNT IV
## NEGLIGENCE/GROSS NEGLIGENCE
## OF ALL DEFENDANTS

45. Plaintiff restates and re-alleges paragraphs 1 through 44, as though fully set forth herein.

46. At all relevant times, Defendants Warden Bobby, John/Jane Doe Correctional Officers 1 – 5, and all other NEOCC personnel that had knowledge of and/or came in contact with Jessica Ann Wilson were acting within the course and scope of their employment with CoreCivic Inc., and/or NEOCC.

47. At all relevant times, Defendants Warden Bobby, John/Jane Doe Correctional Officers 1 – 5 and all other NEOCC personnel that had knowledge of and/or came in contact with Jessica Ann Wilson, owed Ms. Wilson a duty to ensure her health and safety and provide appropriate protection against sexual, physical and mental abuse from other NEOCC inmates.

48. All Defendants, including, Defendants Warden Bobby, John/Jane Doe Correctional Officers 1 – 5, and all other NEOCC personnel that had knowledge of and/or came in contact with Jessica Ann Wilson, individually and/or through their acts as employees and/or agents, breached their duty to Ms. Wilson by:

    a. Failing to protect her from sexual, physical and mental abuse while incarcerated;

    b. Failing to prevent male inmates from accessing the female pod and her cell;

    c. Failing to prevent the sexual, physical and mental abuse inflicted upon her;

    d. Failing to prevent an inmate armed with a deadly weapon from moving between secured areas within the facility;

    e. Failing to recognize the danger of permitting male inmates' access and entry to the women's unit;

    f. Failing to recognize the danger of permitting male inmates to enter female inmates' cells.

49. As a direct and proximate result of the breaches of duty by Defendants Warden Bobby, John/Jane Doe Correctional Officers 1 – 5, and all other NEOCC personnel that had knowledge of and/or came in contact with Jessica Ann Wilson, she suffered the following:

    a. physical pain, discomfort, and injuries in and about her mouth;

    b. humiliation, degradation and embarrassment;

    c. fear, anxiety and extreme mental anguish;

    d. emotional trauma;

    e. violation of her Constitutional rights under the 8th and 14th Amendments to the United States Constitution; and

    f. all economic and non-economic damages related to the above.

## IX. COUNT V
### WILLFUL WANTON AND RECKLESS CONDUCT OF ALL DEFENDANTS

50. Plaintiff restates and re-alleges paragraphs 1 through 49, as though fully set forth herein.

51. At all relevant times, Defendants Warden Bobby, John/Jane Doe Correctional Officers 1 – 5 failed to exercise due care and acted in a willful, wanton and reckless manner while engaging in functions and activities that culminated in the injuries suffered by Plaintiff. That conduct includes, but not limited to:

    a. failing to keep Jail inmates safe;

    b. failing to adequately attend to Plaintiff's medical needs;

    c. hiring and retaining Jail staff that was poorly trained to meet such needs;

    d. failing to perform an adequate surveillance and monitoring of inmates and secured areas;

    e. inadequate staffing;

    f. negligent medical assessment of Ms. Wilson;

    g. failing to timely recognize an emergency medical situation;

    h. ignoring Ms. Wilson's emergency physical and mental health needs.

As a result, Ms. Wilson suffered unnecessary pain and suffering for which damages are sought.

52. These failures were done with extreme recklessness, gross indifference for the safety and welfare of Plaintiff, and conscious disregard by Defendants, their employees, officers and agents. Punitive damages are sought as the actions shock the consciousness of the community by their abject failures.

## X.  COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BY ALL DEFENDANTS

53. Plaintiff restates and re-alleges paragraphs 1 through 52, as though fully set forth herein.

54. NEOCC, Warden Bobby and John/Jane Doe Correctional Officers 1 – 5 had a duty not to intentionally inflict emotional distress on Ms. Wilson.

55. NEOCC, Warden Bobby and John/Jane Doe Correction Officers 1 – 5 engaged in conduct that threatened Ms. Wilson's physical security by allowing an armed male inmate to have unfettered and unmonitored access to her without warning and without consent for an extended period of time.

56. NEOCC, Warden Bobby and John/Jane Doe Correction Officers 1 – 5 knew that female inmates are especially vulnerable to sexual assault and permitting an armed male inmate to have unsupervised access to Ms. Wilson, leaving her unprotected from sexual assault is outrageous conduct that it is outside of the bounds of what is tolerated by society.

57. The conduct of NEOCC, Warden Bobby and John/Jane Doe Correctional Officers 1 – 5 was so extreme, outrageous, intentional and reckless so as to cause severe emotional distress to Ms. Wilson.

58. As a direct and proximate result of the wrongful acts and omissions of Defendants as described above, Ms. Wilson injured and suffered serious injuries, some of which are permanent, pain and suffering, shock, extreme emotional distress, and humiliation.

WHEREFORE, Ms. Wilson requests that this Honorable Court:

    a. Find that John/Jane Doe Correctional Officers 1 - 5, Warden Bobby, and NEOCC violated Ms. Wilson's constitutional rights;

    b. Grant Ms. Wilson judgment against John/Jane Doe Correctional Officers 1 - 5, Warden Bobby, and NEOCC, jointly and severally, for compensatory damages in an amount to be determined at trial but, in no event, less than Two Hundred Fifty Thousand Dollars ($250,000.00);

    c. Grant Ms. Wilson judgment against John/Jane Doe Correctional Officers 1 - 5, jointly and severally, for punitive damages in an amount to be determined at trial but, in no event, less than Five Hundred Thousand Dollars ($500,000.00);

    d. Grant Ms. Wilson judgment against John/Jane Doe Correctional Officers 1 - 5, Warden Bobby, and NEOCC for interest on all sums found to be due Ms. Wilson from each of them;

    e. Grant Ms. Wilson judgment against John/Jane Doe Correctional Officers 1 - 5, Warden Bobby, and NEOCC, jointly and severally, for the costs of this action including the reasonable attorney fees incurred by Ms. Wilson estate in the prosecution of this action; and

    f. Grant Ms. Wilson any further relief that this Honorable Court deems to be equitable and just.

Respectfully submitted,

/s/ *Sarah Thomas Kovoor*
Sarah Thomas Kovoor (0069223)
Kovoor Law, LLC
P.O. Box 310
Warren, OH  44482
T: (330) 974-1212 | F: (330) 974-1220
E: office.klaw@gmail.com
*Attorney for Plaintiff Jessica Ann Wilson*

Plaintiff demands a trial by jury on all claims so triable.

/s/ *Sarah Thomas Kovoor*
Sarah Thomas Kovoor
Kovoor Law, LLC

15