PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA ANN WILSON, | ) | |
| | ) | CASE NO.  4:22CV1811 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORECIVIC INC., *etc.*, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 14] |

Pending is Plaintiff's Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) (ECF No. 14), filed on March 20, 2023.  Plaintiff attached the Proposed First Amended Complaint (ECF No. 14-1) to the motion.  Plaintiff seeks leave to amend the complaint to

> state with specificity the nature of the diversity of the parties; remove an unactionable cause of action; add a claim under the State Created Danger Doctrine, to plead the culpability of the private prison guards as state actors for purposes of the application of 42 USC § 1983 with more specificity; and to expound upon the *Bivens* Constitutional Tort claim pled for civil rights violations contained in the initial Complaint. . . .  Further, Plaintiff seeks to expand upon the factual basis of the[ ] allegations by pleading the aforementioned with specificity. . . .

ECF No. 14 at PageID #: 90-92.  The Court has been advised, having reviewed the record, the motion, and the applicable law.

On January 27, 2023, the Court entered a Case Management Plan that provides, in pertinent part:

> 14. The cutoff to amend pleadings and add parties is March 20, 2023.
> Also see Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper).
> The cutoff date, however, is merely a time limitation – not a blanket leave.  A

(4:22CV1811)

> party must still demonstrate that an amendment is proper under Rule 15(a).
> Absent written consent of the adverse party, the party seeking to amend at least
> must alert the Court and the adverse party to the substance of the proposed
> amendment by filing a Motion for Leave with an accompanying memorandum of
> law addressing the requirements of Rule 15(a).  Plaintiff shall also attach a copy
> of the proposed Amended Complaint to a Motion for Leave.  In all cases, the party
> seeking leave of Court to amend must certify that prior notice of the proposed
> amendment was given and the adverse party withheld consent.

ECF No. 12 at PageID #: 79-80.  The within motion, however, does not contain a certification

"that prior notice of the proposed amendment was given and the adverse party withheld consent."

Fed. R. Civ. P. 15(a)(2) mandates that leave to amend shall be freely given "when justice

so requires."  As stated by the U.S. Supreme Court:

> . . . In the absence of any apparent or declared reason—such as undue delay, bad
> faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc,—the
> leave sought should, as the rules require, be "freely given." . . .

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Brown v. Chapman, 814 F.3d 436, 442-43

(6th Cir. 2016).  Under Rule 15(a), the court has discretion in allowing amendments.  Robinson

v. Mich. Consol. Gas Co., 918 F.2d 579, 591 (6th Cir. 1990) ("Decisions as to when justice

requires amendment are left to the sound discretion of the trial judge. . . .").

For good cause shown, Plaintiff's Motion for Leave to Amend Complaint Pursuant to

Fed. R. Civ. P. 15(a) (ECF No. 14) is granted without opposition.[1]  Plaintiff shall forthwith file

the First Amended Complaint.

---

[1]  The time for filing has elapsed without a memorandum in opposition having
been filed by Defendants.  See LR 7.1(d) and (g).

(4:22CV1811)

Counsel are reminded that this case is set for a Telephonic Status Conference on May 10, 2023, at 12:00 p.m. Noon.  *See* ECF No. 12 at PageID #: 80-81, ¶ 16.


IT IS SO ORDERED.


 April 7, 2023  
Date

 */s/ Benita Y. Pearson*  
Benita Y. Pearson  
United States District Judge