PEARSON, J.
(Rev. 3/15/2023)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA ANN WILSON, | ) | |
| | ) | CASE NO.   4:22-CV-1811 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORECIVIC, INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | **CIVIL TRIAL ORDER** |

A Final Pretrial Conference is set for **December 20, 2023 at 10:00 a.m.** in Chambers

313, Thomas D. Lambros United States Court House, 125 Market Street, Youngstown, Ohio.

Trial of this matter shall begin on **January 16, 2024 at 9:00 a.m.** on a stand-by basis, for a

period of two weeks in Courtroom 351, Thomas D. Lambros United States Court House, 125

Market Street, Youngstown, Ohio.  Because  this case is designated as a standby case, it shall be

the responsibility of counsel to keep in contact with the Court's Courtroom Deputy at 330-884-

7435, concerning the exact date and time of Trial.  This matter will remain on a stand-by status

subject to call for a period of two (2) weeks. Counsel should appear at least 30 minutes before

trial time. **LEAD COUNSEL WHO WILL PRESENT AT TRIAL AND PARTIES WITH**

**FULL SETTLEMENT AUTHORITY MUST BE PRESENT AT THE FINAL PRETRIAL**

**UNLESS EXCUSED BY THE COURT UPON WRITTEN MOTION.**  Lead Counsel shall

be prepared and authorized to discuss all relevant issues, including settlement.  When a party is

other than an individual or when a party's interests are being represented by an insurance

(4:22-CV-1811)

company, an authorized representative of such party or insurance company, with full authority to settle, shall attend.  Failure of counsel to comply in good faith with the following procedures may result in the imposition of sanctions.

### A.  Trial Documents

**1.**  Counsel are advised that all documents, notices and orders in this matter shall be filed electronically rather than on paper, except as provided for in the Electronic Filing Policies and Procedures Manual, which governs electronic filing in the Northern District of Ohio and also provides helpful information on system requirements and usage.  The manual can be accessed online.[1]  Electronically filed documents should be in a text-searchable format.

Notice of filings are sent electronically.  It is the responsibility of each counsel of record to set up a user e-mail account to receive e-mail notification and to check that e-mail account on a regular basis.  Directions for setting up e-mail notification are at the following link:

**http://www.ohnd.uscourts.gov/home/clerk-s-office-and-court-records/electronic-filing/**

If you have questions about electronic filing, please call any Northern District of Ohio Clerk's Office location or our CM/ECF Help Desk at 1-800-355-8498.

**2.**  The following trial documents are to be submitted to the Court and opposing counsel not later than 4:00 p.m., **ten (10) days** prior to the trial date:

> a.     Preliminary Statement: Counsel for the parties shall confer in person and agree upon a concise written statement describing the case in an impartial, easily understood manner and submit it to the

---

[1]**http://www.ohnd.uscourts.gov/assets/Rules_and_Orders/Local_Civil_Rules/Local_Civil_Rules.htm**

(4:22-CV-1811)

Court to be read to the jury panel prior to *voir dire*.  This statement will be used to set the context of the trial for the jury.

b. Voir Dire, Jury Instructions, Jury Interrogatories, and Verdict Forms: Counsel for the parties shall jointly submit written *voir dire* questions, jury instructions, jury interrogatories, and verdict forms for the Court's consideration.  Counsel should confer in person and, to the extent possible, agree upon a complete set of Jury Materials.  Counsel may separately submit disputed proposed Jury Materials to the Court and opposing counsel, supported by legal authority.  The Court may reject any proposed Jury Materials.  The Court will reject any proposed Jury Materials espousing a legal theory that is not supported by a citation to sound legal authority.  Ultimately, a single joint submission of jury instructions, jury interrogatories and verdict forms shall be filed, providing: (1) agreed upon instructions; (2) instructions proposed by the Plaintiff, but opposed by Defendant; and (3) instructions proposed by Defendant, but opposed by the Plaintiff.  All proposed instructions shall be supported by citations to legal authority.

c. Trial Briefs: Counsel for the parties shall submit to the Court trial briefs providing appropriate memoranda, supported by legal authority, regarding evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial.  A complete trial brief includes: (1) a statement of the facts;(2) a complete discussion of the controlling law together with specific citations of statutes and case law; and (3) a discussion of any evidentiary issues likely to arise at trial.

**3.  Witness and exhibit lists:**  Counsel shall provide to the Court and opposing counsel witness and exhibit lists **no later than three (3) business days** prior to the trial date.  The lists shall provide a brief description and the purpose of each witness to be offered, and shall list and briefly describe each item of documentary or physical evidence to be offered.  Each attorney shall have a continuing obligation to supplement the party's witness list immediately upon learning of any additional witness.  Witnesses not listed or provided before the trial starts shall not testify at

(4:22-CV-1811)

trial, and exhibits not listed shall not be introduced at trial, absent a showing of good cause.  This rule applies to lay witnesses as well as expert witnesses.

**4. Exhibits:**   All exhibits must be marked before trial in accordance with Local Civil Rule 39.1. The Court is using new technology to facilitate the viewing of exhibits by jurors. Each party must submit all exhibits on a single storage device such as a CD, DVD or USB drive. A separate CD or USB drive should be provided for the Plaintiff's Exhibits, Defendant's Exhibits, and any Joint Exhibits.  Each party must send the exhibits to Chambers in a manner that guarantees receipt of the exhibits by **noon on Friday before trial commences**.

The electronic copies of exhibits must be named using a naming convention similar to: <exhibit number>-<exhibit part>_<exhibit description>.<file extension>.  The exhibit number MUST be a number.  Exhibits with subparts  can be so designated using a letter for the exhibit part.  The use of the "underscore" character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

Examples of valid exhibit file names:

> 1-a_photograph.jpg
>
> 12_2009 Tax Statement.pdf
>
> 35d.pdf
>
> 12(a)_camera footage.wmv

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to David Zendlo at (216) 357-7053.

To maintain consistency between the electronic and the paper exhibits, BOTH PARTIES

4

(4:22-CV-1811)

SHALL LABEL THEIR EXHIBITS WITH NUMBERS.  Counsel shall mark all exhibits before trial with official or similar stickers.  Exhibits shall be labeled with the party followed by the exhibit number (e.g., "Plaintiff 1" or "Def 2").   The case number shall also  appear on the stickers.  Whenever a multi-page exhibit is used, each page of the exhibit must be separately numbered.  For example, if the Plaintiff's exhibit 1 is a three-page document, the first page should be marked as Plaintiff 1-1, the second page marked Plaintiff 1-2, etc.  If there are multiple defendants, the party's last name should precede the numbers or letters (*e.g.*,"Deft. Jones-1001"). Exhibit stickers are available from the Clerk on request.

The Court no longer requires binders containing hard copies of exhibits, in addition to the electronic copies provided.  Should the Court require hard copies, the parties shall be prepared to accommodate.

If demonstrative evidence such as models or sketches, are to be used at trial, counsel shall exchange them no later than two (2) days prior to the date of trial.

The Court will not allow exhibits to be given to the jury during trial without prior Court approval.  If the Court approves such a request, sufficient copies for each juror must be provided so all jurors may view the exhibit simultaneously.  Exhibits not identified and exchanged prior to trial shall not be introduced at trial, absent a showing of good cause.

**5.  Undisputed Fact Stipulation:**  Counsel for Plaintiff shall prepare and submit to opposing counsel at least fourteen (14) days prior to the pretrial conference, a proposed stipulation as to undisputed facts for use at trial, and for submission to the jury in the event of a jury trial.  Opposing counsel shall add to and note disagreement, if any, with the proposed

5

(4:22-CV-1811)

stipulation and so notify counsel for Plaintiff as to proposed additions, deletions, or objections ten (10) days prior to the pretrial conference.

At least seven (7) days prior to the pre-trial conference, Counsel shall meet and put in final form the stipulation as to undisputed facts, reserving any objections as to relevancy, and submit the signed stipulation to the Court three (3) days prior to the pretrial conference *via* the Court's electronic filing system.

The final stipulation is intended to expedite the fact-finding process at trial. Copies of the stipulation will be submitted to the jury in all jury trials. Only the final agreed upon stipulation should be filed with the Court. Copies of any documents to which the parties have stipulated should be appended to the stipulation.

### B. Use of Depositions as Evidence

If the parties intend to use any deposition as evidence during the trial, the parties must file these depositions by the time of the final pretrial conference with the portions to be read noted therein. An opportunity will be given to opposing counsel to read any omitted portion. Counsel will be notified at trial of rulings on all objections pertaining to the depositions.

Use at trial of videotape depositions is encouraged. The parties are specifically direct to comply with the provisions of LR 32.1. In addition, when videotape depositions will be presented in lieu of live trial testimony, counsel must file with the Court a complete written transcript of the videotape deposition prior to its use.

### C. Non-Jury Cases

For matters not submitted to a jury, the Court requires counsel to submit at least one (1)

6

(4:22-CV-1811)

week prior to the scheduled trial date (1) a statement of the issues, (2) proposed findings of fact, and (3) proposed conclusions of law.

The proposed findings of fact must cite the particular witness(es) and physical evidence upon which each proposed finding is based.  Likewise, the proposed conclusions of law must cite the direct legal authority upon which each proposed legal conclusion is based.

The Court may also order the parties to submit post-trial briefs.  These briefs will be limited to specific questions assigned by the Court during or after trial.  The Court may also permit counsel to file supplemental findings of fact and conclusions of law following the trial.

The parties must exchange any post-trial briefs, as well as any supplemental findings of fact or conclusions of law.

### D. Other Trial Matters

**1.  Objections:**  Any objections to a proposed witness or exhibit shall be filed and served no later than 12:00 p.m. noon one (1) business day before the trial.  Such objections shall include a brief statement as to why the proposed witness or exhibit should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

**2.  Motions *in Limine* and Other Evidentiary Matters:**  Motions *in limine* (other than those addressed to documentary evidence (*see* Section D.1. above on objections to exhibits) and expert witnesses) shall be filed fourteen (14) days prior to trial.  Responses to motions *in limine* shall be filed seven (7) days thereafter.  No reply memoranda will be allowed absent prior leave of Court.

If the qualifications of an expert witness are being challenged, the Court will conduct a

(4:22-CV-1811)

*Daubert* hearing when appropriate.  The Court expects counsel to submit thorough briefs and/or a *voir dire* of the expert's testimony so that the Court has sufficient evidence to perform it's gatekeeping function of ensuring the expert's testimony is reliable and relevant.

The Court will not hold bench or chamber conferences during trial to consider legal issues including evidentiary rulings that could have been raised before trial without a showing that counsel could not, by the exercise of due diligence, have anticipated them in advance of trial.

**3. Courtroom Conduct and Procedure:**

a.      Counsel should expect the trial to be conducted from 9:00 a.m. to 4:00 p.m., Monday through Friday.  Counsel will be notified of an occasional variance to this schedule;

b.      Counsel should arrive 30 minutes prior to the start of a day in trial;

c.      When appearing in this Court, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following:

i.      Stand as court is opened, recessed or adjourned.

ii.     Stand when the jury enters or retires from the courtroom.

iii.    Stand when addressing the Court.  When making an objection, state the legal basis only.  If a response is necessary, be brief, without making a speech.  If it is **critical** to the case that counsel be heard in more detail, a bench conference may be called to explain the basis for an objection.  Otherwise, bench conferences will not be permitted.

iv.     Stand at the lectern while examining any witness; except that counsel may approach the witness for purposes of handling or tendering exhibits.

8

(4:22-CV-1811)

v.      Stand at the lectern while making opening statements or closing arguments.

vi.     Address all remarks to the Court, not to opposing counsel.

vii.    Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

viii.   Refer to all persons, including witnesses, other counsel, the parties and the Court's clerks by their surnames and not by their first or given names.

ix.     Only one attorney for each party shall examine, or cross examine each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

x.      Any witness testifying at the time of recess or adjournment must be back on the witness stand when the Court reconvenes.  If a new witness is to be called, she must be standing in front of the witness box ready to be sworn.

xi.     In examining a witness, counsel shall not unnecessarily repeat or echo the answer given by the witness.

xii.    Gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

**4. Daily Transcripts:**  Counsel shall advise the Court no later than three (3) days prior to the date of trial, if daily transcripts of the trial testimony will be requested.

**5. Continuances:**  The Court will not continue a trial or hearing without a written motion stating the reason for the request, endorsed in writing by all moving parties and their lead counsel of record.  A motion for continuance due to a conflict of trial assignment dates will not

9

(4:22-CV-1811)

be considered unless a copy of the conflicting assignment is attached. The motion shall be filed and served not less than fifteen (15) days after counsel becomes aware of the conflict, and not less than thirty (30) days before trial. When possible, the parties shall jointly propose alternative dates to avoid further conflict.

**6. Conduct of Counsel** In addition to that provided herein, pursuant to the Statement on Professionalism issued by the Supreme Court of Ohio on February 3, 1997, counsel are directed to be courteous and civil in all oral and written communications with each other and the Court. Pleadings or any other communications which do not conform to this standard will be rejected.

**7. Location of Counsel:** Counsel are required to remain in the proximity of the Courtroom during jury deliberations. If you need to leave the immediate area, you are required to report to the courtroom deputy.

**8. Video Conference Technology:** Witness testimony may be offered during trial *via* Video Conference Technology. Docketed Notice must be given of intent to call a witness *via* video conference at least one week prior to the start of trial. It is Counsel's responsibility to find a location for the witness to receive a video conference call from the Court during trial. Counsel is required to work with the Court's IT Department and Courtroom Deputy in advance of trial to test the technology and be sure the video conference communication works in the courtroom. It is also Counsel's responsibility to ensure that the witness, Court and opposing counsel have all necessary exhibits. Counsel must be prepared to assure the Court that the witness is who he or she claims to be. Counsel implicitly makes this assurance whenever a witness is called. But, the

(4:22-CV-1811)

likelihood of a video conferenced witness being an imposter is greater than if the witness were live.

**9. Settlement:**  If the parties reach a settlement in the case, counsel are directed to notify the Court immediately by calling 330-884-7435.  FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS in the event that the Court or the Court's law clerks spend time resolving pending motions after the failure to notify regarding settlement.  Jury costs will be assessed pursuant to Local Rule 54.1 if settlement is achieved after a jury has been called.

### E.  Electronic Courtroom

**Courtroom Technology:**  The courtroom has recently been upgraded to replace the analog VGA based video equipment with digital HDMI.  Legacy VGA based laptops can still be displayed in the courtroom *via* a connection at the presenter cart only.  Counsel are strongly urged to schedule an appointment with the Court's IT Department to review the electronics and ensure that their laptops are configured for the system.  Additional information regarding the electronic courtroom is available at the following link:

https://www.ohnd.uscourts.gov/courtroom-technology

IT IS SO ORDERED.

June 2, 2023                                  /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                              United States District Judge

11