PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA ANN WILSON, | ) | |
| | ) | CASE NO.  4:22CV1811 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CORECIVIC INC., *etc.*, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 30, 40, 57, and 59] |

Pending is Defendants' Motion for [Partial] Judgment on the Pleadings (ECF No. 30).
Defendant moves the Court to dismiss Plaintiff's claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) asserted in the First Amended Complaint (ECF No. 19).  For the reasons set forth in Section II below, Defendants' motion is granted.

Also pending is Plaintiff's Motion for Leave to File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15(a) (ECF No. 40).  Plaintiff seeks leave to amend her affirmative pleading again to "state with specificity the nature of the diversity of the parties; clarify the causes of action; and to add a necessary Defendant, the Mahoning County Sheriff Jerry Greene, for civil rights violations contained in the Amended Complaint."  ECF No. 40 at PageID #: 313. Plaintiff also purports that the proposed Second Amended Complaint (ECF No. 40-1) "would resolve several issues raised in Defendants' Amended Answer to Plaintiff's Complaint. . . ." ECF No. 40 at PageID #: 312.  Plaintiff attached the proposed Second Amended Complaint (ECF

(4:22CV1811)

No. 40-1) to the motion.[1]  For the reasons set forth in Section III below, Plaintiff's motion is

denied.

      In addition, pending is Defendants' Motion to Enforce Rule 35 Order (ECF No. 57).

Defendants move the Court to order Plaintiff to appear for Dr. Joseph Penn's Independent

Psychiatric Examination ("IPE") of her without the presence or influence of Plaintiff's counsel in

a more controlled, clinical setting.  For the reasons set forth in Section IV below, Defendants'

motion is granted.

      Finally, pending is Defendants' Motion to Stay Dispositive Motion and Stipulation

Deadlines of September 1, 2023 Until Rulings on Pending Motions (ECF No. 59).  Defendants

move the Court for a stay pending a ruling on ECF Nos. 30 and 40.  For the reasons set forth in

Section V below, Defendants' motion is granted.

## I.  Background

      On October 8, 2022, Plaintiff Jessica Ann Wilson filed a six-count Complaint (ECF No.

1) against CoreCivic, Inc. and Warden David Bobby.  Plaintiff was a federal pretrial detainee

housed at the Northeast Ohio Correctional Center ("NEOCC"), which is owned and operated by

---

[1]  Defendants, with leave of court, filed under seal (1) the Agreement Between
Mahoning County, Ohio and CoreCivic, Inc. (ECF No. 67 at PageID #: 438-41) and
(2) the Detention Services Intergovernmental Pass-Through Agreement ("IGA") (ECF
No. 67 at PageID #: 443-58), which are exhibits attached to Defendants' Response to
Plaintiff's Motion (ECF No. 51).  "[A] court may consider 'exhibits attached [to the
complaint], public records, items appearing in the record of the case and exhibits attached
to defendant's motion to dismiss so long as they are referred to in the complaint and are
central to the claims contained therein,' without converting the motion to one for
summary judgment."  *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th
Cir. 2011) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.
2008)).

(4:22CV1811)

CoreCivic.  CoreCivic provides detention services to detainees of the U.S. Marshals Service ("USMS") through a detention service contract.

Plaintiff alleges that on or about March 22, 2022, she was sexually assaulted by a male inmate trustee at NEOCC.  According to Plaintiff, the inmate trustee refused to leave Plaintiff's cell and remained there for approximately 45 minutes before taking her to a secluded area of the pod of cells reserved for female inmates.  Once in the secluded area with Plaintiff, the inmate trustee allegedly took down his pants exposing his genitalia and demanded oral sex from her. Plaintiff asserts that she observed that he had a potentially lethal weapon, a handmade shank, hanging from his waist.  Plaintiff alleges she began to perform oral sex on the male inmate out of fear, intimidation, and the threat of physical violence.  The male inmate, known to Plaintiff or believed to be Davonte Glenn, had been given trustee status and was given access to the pod ostensibly to collect the dinner trays.  The assault allegedly occurred without provocation and caused Plaintiff physical injuries in and about her mouth, as well as mental and emotional pain and suffering.  According to Plaintiff, she required medical treatment for the injuries sustained as a result of the assault, but she was deprived of the right to adequate medical evaluation and care when incarcerated, including rape counseling.

On April 10, 2023, Plaintiff filed a First Amended Complaint (ECF No. 19) with leave of court.  *See* Order (ECF No. 18).  Count I is for "violation of 42 U.S.C. § 1983, the 8th Amendment of the United States Constitution, civil rights violations, constitutional torts, and *Bivens* action."  Count II is for "42 U.S.C. § 1983 violations."  Count III is for "violation of 42 U.S.C. § 1983 and the 14th Amendment of the United States Constitution."  Count IV is for

(4:22CV1811)

"negligence/gross negligence."  Count V is for "willful wanton and reckless conduct."  Count VI is for "intentional infliction of emotional distress."

On June 2, 2023, the Court granted without opposition Defendants' Motion for Leave to Extend Pretrial Deadlines (ECF No. 24), filed in compliance with the Minutes of Proceedings dated May 10, 2023.  Discovery, including expert discovery, was to have been completed on or before August 18, 2023.  *See* Order (ECF No. 25) at PageID #: 180, ¶ 1.

On August 7, 2023, the Court approved the parties Joint Stipulation for Psychiatric Examination of Plaintiff.  *See* Stipulation and Order (ECF No. 41).  The IPE had originally been proposed in Defendants' Motion for Order Compelling Psychiatric Examination (ECF No. 36-1).  On August 15, 2023, James Petrick, Ph.D. performed testing on Plaintiff, which included an hour-long in-person interview and a Minnesota Multiphasic Personality Inventory ("MMPI").  Dr. Petrick's report, as well as the raw data, was then provided to Dr. Penn, a licensed psychiatrist, for the second phase of the IPE of Plaintiff.

On August 18, 2023, Dr. Penn began a recorded IPE of Plaintiff via Zoom.  The examination was supposed to last three (3) hours.  Also present were the videographer, Sarah Thomas Kovoor and Rory P. Biggins, Plaintiff's counsel, and Jamie D. Guzman from the office of Defense counsel.[2]  At the request of Plaintiff's counsel, they were permitted to remotely view Dr. Penn's phase of the IPE as it was taking place conditioned upon Attorney Kovoor's agreement not to attempt to participate or interfere in any way.  *See* Defendants' Notice of

---

[2]  Attorney Guzman is of counsel at Struck Love Bojanowski & Acedo, PLC.  *See* https://www.strucklove.com/who-we-are/ (last visited October 27, 2023).

4

(4:22CV1811)

Service to Conduct Psychiatric Examination of Plaintiff (ECF No. 46) ("Counsel for both parties will be observing the examination via Zoom from separate physical locations from Plaintiff's location and have agreed to not interfere in any way.").

Plaintiff was in her bedroom at her grandfather's home for Dr. Penn's examination, which lasted only 36 minutes and 42 seconds before it was discontinued by Dr. Penn.  Initially, Plaintiff's male friend was present in the bedroom.  He left the room after Attorney Kovoor interrupted the examination and asked Plaintiff to instruct her friend to leave.  *See* Recorded video beginning at 0:11:12.  Attorney Kovoor interrupted again to request a break after Plaintiff declared she may be about to have a panic attack.  At that time, Attorney Kovoor also opined in the presence of Plaintiff that Dr. Penn's prior request to view Plaintiff's bedroom "is a little intrusive into her privacy. . . .  Some of these questions . . . are . . . not appropriate and have gotten [Plaintiff] upset."  Attorneys Kovoor and Guzman then argued in the presence of Plaintiff when Attorney Guzman reminded Plaintiff's counsel that interfering with Dr. Penn's examination was inappropriate.  *See* Recorded video beginning at 0:24:23.  Later, Plaintiff abruptly excused herself and briefly walked off camera during the examination.  When she returned six seconds later, Plaintiff stated something happened with her kids.  *See* Recorded video beginning at 0:34:33.  After Dr. Penn took a brief break to speak with Attorney Guzman, Attorney Guzman stated she had been advised by Dr. Penn that he could not continue the IPE because the interference of Plaintiff's counsel had contaminated the examination.  The IPE concluded prematurely at the request of Defendants.  *See* Recorded video beginning at 0:35:42.

(4:22CV1811)

## II. ECF No. 30

Defendants filed their Answer to the First Amended Complaint (ECF No. 20) on April 24, 2023, but did not file ECF No. 30 until two and one-half months later, *i.e.*, July 7, 2023.[3] The time for filing has elapsed without a memorandum in opposition to ECF No. 30 having been filed by Plaintiff.  *See* LR 7.1(d) and (g).  Although Plaintiff does move for leave to file the proposed Second Amended Complaint (ECF No. 40-1) "as Plaintiff's principal response to the Defendants' Motion for Judgment on the Pleadings [Doc.30] filed on July 7, 2023, because this amendment renders that Motion moot."  ECF No. 40 at PageID #: 312.

Defendants' argue correctly that they are not state actors and not subject to liability under § 1983 or pursuant to *Bivens*.

### A.

Plaintiff's § 1983 claims fail because CoreCivic and Warden Bobby are not state actors. NEOCC houses federal prisoners, such as Plaintiff, through an agreement to provide services for the federal government.  *See* ECF No. 67 at PageID #: 443-58.  The agreement is between

---

[3] The Court conducted a Telephonic Case Management Conference on January 27, 2023 and entered a Case Management Plan ("CMP") (ECF No. 12).  As stated in the CMP, the Court requires a party to submit a written request for judgment or to be dismissed to opposing counsel before a party may file a dispositive motion.  Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so.  Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal.  The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.  *See* ECF No. 12 at PageID #: 80, ¶ 15.  Defendants submitted the required certification.  *See* Certificate of Timothy J. Bojanowsku (ECF No. 30-1).  After Plaintiff's counsel twice requested additional time, she had still not responded with her position as of the filing of ECF No. 30.  *See* ECF No. 30-1 at PageID #: 233, ¶ 8.

(4:22CV1811)

CoreCivic, a private corporation, and the USMS.  To establish a prima facie case under § 1983, Plaintiff must assert that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327 (1986).  Generally to be considered to have acted "under color of state law," the person who commits the constitutional violation must be a state or local government official or employee. On or about March 22, 2022, Plaintiff was a USMS detainee incarcerated at NEOCC pursuant to a federal contract with the USMS.  Neither CoreCivic nor Warden Bobby were acting on behalf of the State of Ohio and, therefore, cannot be considered state actors under § 1983.  *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 Fed.Appx. 339, 342 (6th Cir. 2014) (district court correctly found that § 1983 is not applicable to federal prisoner's claims against NEOCC and its warden).

The proposed addition of Mahoning County Sheriff Jerry Greene as a new party defendant is an attempt by Plaintiff to bootstrap CoreCivic and Warden Bobby into the case at bar.  Plaintiff erroneously alleges that Sheriff Greene's participation in a pass-through Intergovernmental Agreement (ECF No. 67 at PageID #: 443-58) converts CoreCivic into a state actor because it houses USMS detainees at NEOCC.  More specifically, Plaintiff asserts that NEOCC previously contracted with the USMS to house USMS detainees.  *See* ECF No. 40-1 at PageID #: 320, ¶ 11.  In 2021, however, the USMS entered into the pass-through contract with Mahoning County (ECF No. 67 at PageID #: 443-58), and Mahoning County entered into a separate contract with CoreCivic (ECF No. 67 at PageID #: 438-41) to house USMS detainees awarded under the pass-through USMS/Mahoning County contract.  *See* ECF No. 40-1 at PageID

(4:22CV1811)

#: 320-21, ¶¶ 11-17.  Plaintiff alleges that the contract was entered into because of Ohio state

law, but fails to identify the state law at issue.  *See* ECF No. 40-1 at PageID #: 320, ¶ 14.

Sheriff Greene's participation in the pass-through contract with the USMS does not

convert the housing of federal detainees into state action, or create state actors.  Contrary to the

allegations in the proposed Second Amended Complaint (ECF No. 40-1), the contract between

Sheriff Greene and the USMS expressly provides that it is entered into pursuant to the federal

authority of the USMS to enter into local contracts for the housing of federal detainees pursuant

to "the authority, 106th Congress Public Law 553, Section 119 of the 'Department of Justice

Appropriations Act of 2001.' "  ECF No. 67 at PageID #: 445.  Indeed,

> "maintaining custody of *federal* prisoners is neither a power 'possessed by virtue
> of *state* law' nor one that has been 'traditionally exclusively reserved to the *state*.'
> The authority to maintain custody of federal prisoners is one created by federal
> law and reserved solely to the federal government."

*Aladimi v. Alvis House/ Cope Ctr.*, No. 3:10-cv-121, 2012 WL 726852, at *5 (S.D. Ohio March

6, 2012) (quoting *Sarro v. Cornell Corrections, Inc.*, 248 F. Supp.2d 52, 64 (D.R.I. 2003)

(emphasis in original)).  In addition, courts have held that the custody status of the detainee

dictates the status of the detention facility and its employees.  *See Webb v. McQuade*, No. EP-21-

CV-00254-DCG-ATB, 2022 WL 136464, at *3 (W.D. Tex. Jan. 14, 2022) (citing *Tavares v.

LaSalle Corr. Emerald Corr. Mgmt. W. Tex. Det. Ctr.*, No. EP-17-CV-00289-PRM-RFC, 2018

WL 2452977, at *2 (W.D. Tex. May 31, 2018), *report and recommendation adopted*, No.

3:17-cv-00289-PRM-RFC (W.D. Tex. Aug. 22, 2018)).

Finally, the contract between Mahoning County and CoreCivic (ECF No. 67 at PageID #:

438-41) does not grant Sheriff Greene any supervisory or operational control over CoreCivic's

8

(4:22CV1811)

housing of USMS detainees at NEOCC. Nor does it require NEOCC to implement Mahoning

County policies, practices, or procedures. "CoreCivic shall provide services for federal inmates

housed in its Facility in compliance with the terms of the IGA." ECF No. 67 at PageID #: 438,

¶ 1. The "administrative fee" Plaintiff points out, *see* ECF No. 40-1 at PageID #: 321, ¶ 17, is

solely based upon the number of USMS detainees housed at NEOCC pursuant to the IGA and

not based on any supervisory or operational control exercised over those detainees by the Sheriff.

Thus, there is no operational or supervisory action on the part of Mahoning County converting

the housing of USMS detainees at NEOCC into a state action.

**B.**

Plaintiff's *Bivens* claims fail because the United States Supreme Court has refused to

recognize a *Bivens* remedy against private prison contractors or their employees. Plaintiff is

asserting a claim under 42 U.S.C. § 1983. That statute, however, applies only to conduct by state

or local officials. At the time of the incident, Plaintiff was a federal pretrial detainee being held

at NEOCC pending her trial. *See United States v. Davis*, No. 3:21-cr-16 (W.D. Pa. filed August

10, 2021). Plaintiff's claim cannot be asserted under § 1983.

Assuming *arguendo* that Plaintiff's allegations are sufficient to characterize a

constitutional claim(s), she has not alleged a cognizable *Bivens* claim in the case at bar under the

United States Supreme Court's decisions in *Correctional Services Corporation v. Malesko*,

534 U.S. 61 (2001) and *Minneci v. Pollard*, 565 U. S. 118 (2012). *Bivens* provides a limited

cause of action against individual federal government officers acting under color of federal law

alleged to have acted unconstitutionally. *Malesko*, 534 U.S. at 70; *see also Berger v. Pierce*, 933

9

(4:22CV1811)

F.2d 393, 397 (6th Cir.1991) (citations omitted) (stating that "a *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity"). In *Malesko*, the Supreme Court held that a private corporation that operates a federal prison cannot be sued for damages under *Bivens*. The Court reasoned that the purpose of *Bivens* is to deter individual federal officials, not entities such as the United States or its agencies, the Bureau of Prisons ("BOP"), or private entities that operate federal prisons, from committing violations of constitutional rights.

CoreCivic, which owns and operates NEOCC, is a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74 (pointing out that when a prisoner in a BOP facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer). Plaintiff therefore cannot bring *Bivens* claims against CoreCivic.

Furthermore, in *Minneci*, the Supreme Court held that a federal prisoner could not assert a *Bivens* claim against individual employees of a private prison because state tort law provided an alternative existing process capable of protecting the constitutional interests at stake in such instance. The Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio. *Minneci*, 565 U.S. at 128-29. The Court held "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that

10

(4:22CV1811)

conduct is of a kind that typically falls within the scope of traditional state tort law (such as the

conduct involving improper medical care at issue here), the prisoner must seek a remedy under

state tort law" and may not pursue relief under *Bivens*.  *Id.* at 131.  Thus, under *Minneci*, Plaintiff

has not alleged a cognizable *Bivens* claim against Warden Bobby as her allegations fall within

the purview of state tort law.

Therefore, the Court will dismiss Plaintiff's § 1983 and *Bivens* claims asserted in the First

Amended Complaint (ECF No. 19).

### III.  **ECF No. 40**

Plaintiff filed ECF No. 40 on August 4, 2023 and argues that if the Court grants her leave

to file a Second Amended Complaint, Defendants' Motion for [Partial] Judgment on the

Pleadings (ECF No. 30) should be denied as moot.  *See* ECF No. 40 at PageID #: 312.

### A.

The CMP provides in pertinent part:

14.  The cutoff to amend pleadings and add parties is March 20, 2023.  Also see
Fed. R. Civ. P. 15(a) (requiring a showing that an amendment is proper).  The
cutoff date, however, is merely a time limitation – not a blanket leave.  A party
must still demonstrate that an amendment is proper under Rule 15(a).  Absent
written consent of the adverse party, the party seeking to amend at least must alert
the Court and the adverse party to the substance of the proposed amendment by
filing a Motion for Leave with an accompanying memorandum of law addressing
the requirements of Rule 15(a).  In all cases, the party seeking leave of Court to
amend must certify that prior notice of the proposed amendment was given and
the adverse party withheld consent.

ECF No. 12 at PageID #: 79-80.  Like Plaintiff's prior Motion for Leave (ECF No. 14) filed on

March 20, 2023, the within motion (ECF No. 40) does not contain a certification "that prior

notice of the proposed amendment was given and the adverse party withheld consent."

(4:22CV1811)

Moreover, Plaintiff's counsel did not give any prior notice to Defendants of a proposed amendment, nor did she seek consent before filing ECF No. 40. *See* ECF No. 51 at PageID #: 363.

Contrary to Plaintiff's declaration that the Motion for Leave "is filed within the time permitted by the Case Management Conference Order [Doc.12] issued January 27, 2023," ECF No. 40 at PageID #: 312, Plaintiff did not file the motion until four and one-half months after the cutoff to amend pleadings and add parties. It is also worth noting that Plaintiff has not requested an extension of the cutoff to amend pleadings and add parties.

**B.**

Leave to amend a complaint should be freely given when justice so requires after a responsive pleading has been filed. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). It is an abuse of discretion for the district court to deny a plaintiff leave to amend his complaint without any justifying reason. *Foman*, 371 U.S. at 182. A district court does not abuse its discretion if it denies a plaintiff permission to amend his complaint without reason when the plaintiff has already amended once and then subsequently fails to file a proper motion justifying another amendment. *Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 305 (6th Cir. 2011); *see also Begala v. PNC Bank Ohio Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (holding that "the [District] Court did not permit Plaintiffs to amend the complaint because they did not [properly] move to do so" and that was not an abuse of discretion).

(4:22CV1811)

Plaintiff fails to offer any explanation as to why the Court should extend the cutoff to amend pleadings and add parties.  *Pittman ex rel. Sykes v. Franklin*, 282 Fed.Appx. 418, 425 (6th Cir. 2008).  The Court notes that Plaintiff did not file a reply memorandum in support of ECF No. 40.[4]  Under Fed. R. Civ. P. 16(b)(3)(A), district courts are required to issue a scheduling order that limits the time to join other parties and to amend the pleadings.  The March 20, 2023 cutoff was set in compliance with Local Rule 16.3(b)(2)(H).

Plaintiff cannot dispute that her Motion for Leave to File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15(a) (ECF No. 40) was filed after the Rule 16 cutoff to join other parties and to amend the pleadings had passed.  According to Fed. R. Civ. P. 16(b)(4), when the Court has entered a scheduling order that limits the time to join other parties and to amend the pleadings, "[a] schedule may be modified only for good cause and with the judge's consent."  In *Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002), the Sixth Circuit stated that good cause is primarily measured by the movant's "diligence in attempting to meet the case management order's requirements."  *Id.* at 625 (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).  Prejudice to the party opposing the modification is not an express component of Rule 16, however, the Sixth Circuit has stated that a district court must consider prejudice to the non-moving party when it decides whether or not to amend a scheduling order.

---

[4] ECF No. 51 was served on August 18, 2023.  LR 7.1(e) provides:  ". . . the moving party may serve and file a reply memorandum . . . in support of any non-dispositive motion within seven (7) days after service of the memorandum in opposition. . . ."  Plaintiff's permissive reply memorandum was, therefore, due on August 25, 2023.  Thus, the time for filing a reply has elapsed without a reply brief in support of the motion having been filed.  *See* LR 7.1(g).

(4:22CV1811)

*Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).  If the Court determines that the movant satisfies the requirements of Rule 16(b), then the Court must determine whether the moving party has satisfied the requirements of Rule 15.  *Id.*  At this stage of the proceedings, Rule 15 asks the question whether leave should be freely given because justice so requires.  Plaintiff cannot establish due diligence.  The Court finds that ECF No. 40, which seeks leave of court to *inter alia* add Sheriff Greene as a party defendant, fails to establish good cause for modification of the scheduling order.  Defendants are also prejudiced by the delays caused by Plaintiff's proposal to add an entirely new party at this late stage in the litigation.

**C.**

Despite having filed this lawsuit in October 2022, Plaintiff claims she only recently learned of Sheriff Greene's relationship to the contracting of detention services by CoreCivic to USMS detainees.  *See* ECF No. 40 at PageID #: 313.  Plaintiff, however, did not propound discovery seeking the detention services contract until April 5, 2023, five and one-half months after filing the original Complaint (ECF No. 1) and after the March 20, 2023 cutoff to amend pleadings and add parties.  *See* Notice of Service of Plaintiff's First Set of Interrogatories and Request for Production of Documents (ECF No. 17).

The case at bar presents what happens when litigants wait initiate discovery.  The differentiated case management processes this Court utilizes to manage its case docket are essential to the delay and cost reduction purposes of the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*  Adding a new party defendant at this stage of the litigation will necessarily delay this case as discovery closed on August 18, 2023.  *See* Order (ECF No. 25)

14

(4:22CV1811)

at PageID #: 180, ¶ 1 and Order (ECF No. 42) at PageID #: 341-42 reaffirming the discovery

cutoff date.[5]

For these reasons and those that have been articulated in the memorandum of the points

and authorities on which Defendants rely in opposition to the motion (ECF No. 51), Plaintiff's

Motion for Leave to File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15(a) (ECF

No. 40) is denied.

## IV.  ECF No. 57

Defendants declare they submitted the Motion to Enforce Rule 35 Order on August 28,

2023 due to Attorney Kovoor's "interference and contamination of the Independent Psychiatric

Examination ("IPE")."  ECF No. 57 at PageID #: 389.  Defendants attached the Declaration of

Dr. Penn (ECF No. 57-1) to the motion.  Defendants also manually filed under seal a flash drive

containing a recorded video of Plaintiff's IPE taken by Dr. Penn on August 18, 2023.  *See* ECF

No. 69.  Finally, Defendants filed under seal excerpts of Plaintiff's deposition transcript of

August 17, 2023 (ECF No. 68).

According to Dr. Penn, Attorney Kovoor's interruption beginning at 0:11:12 of the

recorded video "had a palpable effect on the cadence of [his] examination and the rapport that

[he] was attempting to establish with the Plaintiff.  *See* ECF No. 57-1 at PageID #: 399, ¶ 12.

---

[5] Additionally and equally important, Plaintiff's failure to file a reply
memorandum leaves the Court uniformed as to why the addition of Sheriff Greene would
not be frivolous.  As discussed above, Plaintiff was a federal pretrial detainee housed at a
private prison.

(4:22CV1811)

At 0:24:23 of the recorded video, Attorney Kovoor interrupted again to request a break after Plaintiff asserted she may be about to have a panic attack.  Thereafter, Attorney Kovoor began "to voice an objection to [Dr. Penn's] standard forensic psychiatric interview and diagnostic questions and the manner in which [he] was conducting [the] examination and argued with [Attorney Guzman] in the presence of Plaintiff."  ECF No. 57-1 at PageID #: 399-400, ¶ 13.

According to Dr. Penn, Plaintiff  "became more agitated, dismissive, and refused to answer the majority of [his] questions."  ECF No. 57-1 at PageID #: 400, ¶ 14.  At 0:35:22 of the recorded video, Dr. Penn "determined that the integrity of the examination was beyond rehabilitation or repair."  ECF No. 57-1 at PageID #: 400, ¶ 15.

Plaintiff's counsel continues to inappropriately question and disagree with Dr. Penn's questions and methodologies.  For example, Dr. Penn asked Plaintiff, "I'm not asking you if you did it or if you didn't do it, but why did you have to go to jail in the first place?"  *See* Recorded video beginning at 0:19:36.  Plaintiff's counsel argues now that "asking [Plaintiff] such a question was a blatant violation of her Fifth Amendment right against self-incrimination."  Plaintiff's Memorandum in Opposition (ECF No. 60) at PageID #: 413.  Plaintiff, however, was asked a similar question about her pending federal criminal charges in deposition earlier that week without objection by Plaintiff or her counsel.  *See* Excerpt of Plaintiff's deposition transcript of August 17, 2023 (ECF No. 68 at PageID #: 461:17-23).  Plaintiff responds, in pertinent part:

> . . . Plaintiff feels very strongly that the doctor has everything he needs to render his opinion, and/or will have to make do with what he has.  Considering the way Dr. Penn interacted with the Plaintiff, should the Court decide to grant the Defendants' motion, Plaintiff would respectfully ask that the IME be videotaped,

(4:22CV1811)

> to include the doctor's screen as well as the Plaintiff's for use at trial so the fact finders will be able to observe for themselves the interactions between the Plaintiff and doctor to include body language and facial expressions.

ECF No. 60 at PageID #: 415-16.  Defendants are not opposed to again videorecording Dr.

Penn's new examination of Plaintiff.  Defendants' Reply (ECF No. 64) at PageID #: 428.

Federal courts generally do not allow a third-party to be present during an IME unless the party has established a special need or good cause for the very reason that objections or interruptions by counsel can impair the integrity of the examination.  *See Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 839 (6th Cir. 2019) (affirming dismissal of action as sanction for employee's and his attorney's conduct at court-ordered independent medical examination); *see also A.T. v. Oley Valley Sch. Dist.*, No. 17-4983, 2019 WL 5862059, at *4 (E.D. Pa. Nov. 8, 2019) (ordering a new examination to take place without the presence of any third parties in the exam room); *Cato v. Twp. of Andover*, No. 16-4605 (SDW) (LDW), 2018 WL 1639692, at *4 (D. N.J. April 5, 2018) (reasoning that "[a]n objection to the manner in which the defense medical expert is conducting the examination would significantly undermine any rapport between the medical expert and the plaintiff being examined, impairing its integrity").

Attorney Kovoor breached the parties' agreement not to attempt to participate or interfere in any way during the second phase of the IPE conducted by Dr. Penn in August 2023.  Given Attorney Kovoor's interruptions during the IPE, a new examination shall take place without the presence of any third parties during the exam.  Any discussions regarding objections to the IPE or concerns about its progress shall be had outside of the hearing of Plaintiff.

(4:22CV1811)

### V. ECF No. 59

Three days before the cutoff date, Defendants requested that the cutoff for filing dispositive motions and written stipulations as to all uncontested facts to be presented by the dispositive motion be moved from September 1, 2023.  The Court continues to question whether another dispositive motion should even be filed by Defendants given that they previously stated "[t]here is controversy in this case, based upon witness statements, video footage, and other evidence, whether any sexual contact with Plaintiff occurred at all or whether any sexual contact was consensual on Plaintiff's part." ECF No. 38 at PageID #: 306.  The Court will, however, grant Defendants' request given what has happened and not happened in the case at bar since August 4, 2023.

### VI.  Conclusion

Defendants' Motion for [Partial] Judgment on the Pleadings (ECF No. 30) is granted. Plaintiff's § 1983 and *Bivens* claims asserted in the First Amended Complaint (ECF No. 19) are dismissed.

Plaintiff's Motion for Leave to File Second Amended Complaint Pursuant to Fed. R. Civ. P. 15(a) (ECF No. 40) is denied.

Defendants' Motion to Enforce Rule 35 Order (ECF No. 57) is granted.  On or before November 8, 2023, Plaintiff is ordered to appear via Zoom in a more controlled, clinical setting for Dr. Penn's examination without the presence, interference or influence of counsel for either side, family members or other individuals.  The IPE shall, again, be video recorded, and the recording shall include the views requested by Plaintiff, that is the doctor's view as well as

(4:22CV1811)

Plaintiff's.  Any discussions regarding objections to the IPE or concerns about its progress shall be had outside of the hearing of Plaintiff.  The discovery cutoff is extended for the limited purpose of completing Dr. Penn's examination of Plaintiff.

Defendants' Motion to Stay Dispositive Motion and Stipulation Deadlines of September 1, 2023 Until Rulings on Pending Motions (ECF No. 59) is granted.

Before a party may file another dispositive motion, it must submit a written request for judgment or to be dismissed to opposing counsel.  Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so.  Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal.  The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

The cutoff for filing dispositive motions is November 22, 2023.  Responses shall be filed by December 6, 2023 (*See* LR 7.1(d)) and Replies by December 12, 2023 (*See* LR 7.1(e)).  No further extensions shall be requested and none will be granted.

Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion.  The stipulations shall be filed with the Court on or before November 22, 2023.  If there are no stipulations, a joint notice stating same shall be filed by the same date.  These are mandatory requirements.

Counsel are reminded that this case is set for final pretrial on December 20, 2023, and a

(4:22CV1811)

jury trial on January 16, 2024.  *See* Civil Trial Order (ECF No. 26).


        IT IS SO ORDERED.


   October 27, 2023                         */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                           United States District Judge