PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSICA ANN WILSON, ) | |
| ) | CASE NO.  4:22CV1811 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CORECIVIC INC., *etc.*, *et al.*, ) | |
| ) | **ORDER** |
| Defendants. ) | [Regarding ECF No. 83] |

Pending is Plaintiff Jessica Ann Wilson's Motion to Dismiss Without Prejudice Pursuant

to Fed. R. Civ. P. 41(a)(2) (ECF No. 83), filed on December 11, 2023.[1]  The Court has been

advised, having reviewed the record, the parties' briefs, and the applicable law.  Defendants

CoreCivic, Inc., dba Northeast Ohio Correctional Center, and David Bobby ("Defendants")

request that any dismissal be with prejudice.  *See* Defendants' Response to Plaintiff's Motion to

Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) (ECF No. 91) at PageID #: 2610.

For the reasons set forth below, the Court will not dismiss the three remaining claims and

defendants in the First Amended Complaint (ECF No. 19) without prejudice.

---

[1]  As stated in the Case Management Plan (ECF No. 12) at PageID #: 80, ¶ 15, and again in subsequent Orders (ECF No. 25 at PageID #: 181 and ECF No. 72 at PageID #: 491), the Court requires a party to submit a written request to be dismissed to opposing counsel before a party may file a dispositive motion.  Opposing counsel shall either agree to the request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a motion to dismiss if the party believes it is still entitled to dismissal.  The motion to dismiss must be accompanied by a statement certifying that this exchange has occurred.  ECF No. 83, however, does not set forth a statement certifying that the pre-filing written exchange occurred.

(4:22CV1811)

On April 10, 2023, Plaintiff filed a First Amended Complaint (ECF No. 19).  The Court

granted Defendants' partial judgment on the pleadings and set a schedule for additional

dispositive motions, among other things.  *See* Memorandum of Opinion and Order (ECF No. 72)

at PageID #: 491 ("Responses shall be filed by December 6, 2023").  Defendants filed their

Motion for Summary Judgment (ECF No. 74) timely.  Plaintiff did not respond.  Instead, well

after the date for any opposition to be filed, Plaintiff filed the instant motion to dismiss.[2]

Voluntary dismissals are governed by Fed. R. Civ. P. 41(a) which provides in pertinent

part:

> \*   \*   \*   \*
>
> **(2) By Court Order; Effect.**  Except as provided in Rule 41(a)(1), an action may
> be dismissed at the plaintiff's request *only by court order, on terms that the court
> considers proper. . . .  Unless the order states otherwise*, a dismissal under this
> paragraph (2) is without prejudice.  (Emphasis added.)

Whether dismissal should be granted pursuant to Rule 41(a)(2) is within the sound discretion of

the court.  *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974);

*Rosenthal v. Bridgeston/Firestone, Inc.*, 217 Fed.Appx. 498, 500 (6th Cir. 2007).  The principal

objective of the rule in interposing the requirement of court approval is to protect the nonmovant

from unfair treatment.  *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990).

Generally, an abuse of discretion is found only when a defendant would suffer some plain legal

prejudice as a result of a dismissal without prejudice, as opposed to the mere prospect of a

---

[2]  Rather than file a memorandum in opposition to ECF No. 74, Plaintiff filed an
improper Notice of Dismissal Under Fed. R. Civ. P. 41(a)(1)(A)(i) (ECF No. 79) on
December 6, 2023, to which Defendants objected, *see* ECF No. 80.

(4:22CV1811)

second lawsuit. *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

In *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969), the Court of Appeals for the Seventh Circuit set forth several factors for courts to weigh in determining whether a defendant will suffer plain legal prejudice as a result of the dismissal of an action without prejudice:

> . . . the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.

*Id.* at 334; *Grover by Grover*, 33 F.3d at 718.

The Court finds that Defendants have demonstrated that they have or will suffer plain legal prejudice if the Court were to allow Plaintiff to voluntarily dismiss the remaining claims and defendants in the First Amended Complaint (ECF No. 19) without prejudice.  Therefore, dismissal with prejudice is an appropriate Rule 41(a)(2) condition.

Plaintiff is entitled to notice of the Court's intention, as well as a chance to withdraw her motion altogether.  *See United States v. One Tract of Real Property*, 95 F.3d 422, 425-26 (6th Cir. 1996); *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994).  There are, after all, significant legal consequences arising from a dismissal with prejudice.  *See One Tract*, 95 F.3d at 426 (*res judicata*); *Horton v. TWA Corp.*, 169 F.R.D. 11, 18 (E.D.N.Y. 1996) (with-prejudice determination generally strips the court of the power to require payment of defendant's attorney fees); *Nippy, Inc. v. Pro Rok, Inc.*, 932 F. Supp. 41, 45 (D.P.R. 1996).  Accordingly,

(4:22CV1811)

Plaintiff may refuse the Court's Rule 41(a)(2) dismissal condition, and withdraw her Motion to Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) (ECF No. 83) on or before December 28, 2023 at 4:00 p.m. EST.  Failure to timely withdraw shall constitute a binding election to accept the condition of dismissal with prejudice.  *See Unioil, Inc. v. E.F. Hutton & Co., Inc.*, 809 F.2d 548, 555 (9th Cir. 1986), *cert. denied*, 484 U.S. 822 (1987).

If Plaintiff withdraws her Motion to Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) (ECF No. 83), she shall serve and file a memorandum in opposition to Defendants' Motion for Summary Judgment (ECF No. 74) on or before January 9, 2024.[3]  No extension shall be requested and none will be granted.  Defendants shall serve and file a reply memorandum on or before January 23, 2024.

The Court cancels the final pretrial conference set for tomorrow, December 20, 2023, and jury trial set on January 16, 2024.  This case will be reset for final pretrial conference and trial, if necessary, at the convenience of the Court.


IT IS SO ORDERED.


<u>December 19, 2023</u>                                <u>*/s/ Benita Y. Pearson*</u>
Date                                                        Benita Y. Pearson
                                                             United States District Judge

---

[3] Defendants do not oppose a brief extension of time to respond.  *See* ECF No. 91 at PageID #: 2610.